IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESTEBAN V. BAUTISTA,

    Plaintiff,

v.

WARDEN RANDY GROUNDS, et al.,

    Defendants.

No. C 10-1008 SBA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a state prisoner incarcerated at the Correctional Training Facility (CTF), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed in forma pauperis (IFP) has been granted.

In his complaint, Plaintiff names the following Defendants: CTF Wardens Randy Grounds and Ben Curry. Plaintiff seeks a "hardship transfer to a prison close-to-home" for the "welfare, health, safety, and interest of [his] parents, siblings, and friends." (Compl. at 3.)

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff claims that he is entitled to be transferred to a prison closer to home. While Plaintiff's desire to remain in closer proximity to his family and friends is understandable, the law does not afford prisoners with a constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983). As such, assigning an inmate to a prison at a location distant from his family and friends does not implicate a constitutionally protected interest. Id. (prison transfers constitutional even where they involve "long distances and an ocean crossing"); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988) (no right to transfer to prison near wife); Moore v. United States Attorney Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (action to compel confinement near wife and children not cognizable); see also Beshaw v. Fenton, 635 F.2d 239, 246 (3d Cir. 1980) ("[W]e are aware of no authority suggesting that a transfer to a facility not easily accessible to a prisoner's relatives . . . necessarily implicates liberty interests protected by the Due Process Clause."), cert. denied, 453 U.S. 912 (1981). A prisoner's liberty interests are sufficiently extinguished by his conviction that the State generally may confine or transfer him to any of its institutions, to prisons in another State or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).

California's transfer regulations also do not create a constitutionally protected liberty interest because they contain no substantive limitations on prison officials' discretion to grant or refuse the transfer of prisoners. See Cal. Pen. Code § 5080; Cal. Code Regs. tit. 15, § 3379; People v. Lara, 155 Cal. App. 3d 570, 575-76 (1984) (discretion to transfer inmates is vested in the Director of Corrections). Here, Plaintiff fails to state a claim for relief. Accordingly, this action is DISMISSED WITH PREJUDICE.

**CONCLUSION**

For the foregoing reasons, the claims against Defendants are not cognizable and this action is DISMISSED WITH PREJUDICE. Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 11/9/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.10\Bautista6054.dism(transfer).wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ESTEBAN V BAUTISTA,

        Plaintiff,

  v.

RANDY GROUNDS et al,

        Defendant.

Case Number: CV10-01008 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Esteban V. Bautista J-76765
Correctional Training Facility-Central
P.O. Box 689
Soledad, CA 93960-0689

Dated: November 10, 2010

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Bautista6054.dism(transfer).wpd